motion, and serve the printed papers upon respondents' attorney on or before August 1st, in which case motion is denied, without costs.

BUCKLEY et al., Respondents, v. NEW YORK & BOSTON DYEWOOD CO., Appellant. (Supreme Court, Appellate Division, Second Department. May 9, 1906.) Action by Daniel Buckley and others against the New York & Boston Dyewood Company. No opinion. Order reversed, with $10 costs and disbursements, on the ground that the justice had no right to make the order punishing the defendant for contempt, for the reason that he had adjourned the motion, and the case was not before him when he made the order, and he never heard the parties.

BURKE, Respondent, v. BAKER et al., Appellants. (Supreme Court, Appellate Division, Second Department. May 4, 1906.) Action by Mary C. Burke, as executrix, etc., against Joseph F. Baker and others, impleaded with the city of New York. No opinion. Motion to amend judgment denied. Motion for reargument denied.

BUSHE et al. v. WRIGHT et al. (three cases). (Supreme Court, Appellate Division, First Department. April 20, 1906.) Actions by Eugene L. Bushe and another against Mary E. Wright and others. No opinion. Motion denied, with $10 costs. Order filed.

CAMPBELL et al., Appellants, v. EMSLIE, Respondent. (Supreme Court, Appellate Division, First Department. May 25, 1906.) Action by John A. Campbell and others against James Emslie. F. Pierce, for appellants. J. C. Thompson, for respondent.

PER CURIAM. Judgment and order affirmed. Order filed.

PATTERSON, J., dissents.

CARTIER v. PABST BREWING CO. (Supreme Court, Appellate Division, First Department. May 18, 1906.) Action by Elveina Cartier against the Pabst Brewing Company. No opinion. Motion denied, with $10 costs. Order filed.

CASSATT et al., Appellants, v. SPROUL, Respondent, et al. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Action by J. Gardner Cassatt and another against George D. Sproul, impleaded. H. G. Ward, for appellants. J. M. Scribner, for respondent. No opinion. Judgment affirmed, with costs. Order filed.

CEBALLOS et al., Respondents, v. MUNSON S. S. LINE, Appellant. (Supreme Court, Appellate Division, Second Department. May 4, 1906.) Action by Juan M. Ceballos and others against the Munson Steamship Line. No opinion. Motion granted to the extent only of resettling the order by inserting a recital that this court did not review the questions of fact on the appeal herein, for the reason that there was no statement or certificate in the case showing that it contained all the evidence.

CHAMBERS, Respondent, v. BOYD, Appellant. (Supreme Court, Appellate Division, First Department. May 25, 1906.) Action by Sidney C. Chambers against George B. Boyd, as executor. C. N. Morgan, for appellant. L. Sturcke, for respondent. No opinion. Order affirmed, with costs. Order filed.

COHEN, Appellant, v. COHEN, Respondent. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Action by Max M. Cohen against Cecilia Cohen. W. Weil for appellant. B. P. Kerooft, for respondent. No opinion. Order modified by reducing alimony to $10 per week, and counsel fee to $50, and, as modified, affirmed, without costs. Settle order on notice.

COHEN, Appellant, v. SUN INS. Co., Respondent. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Action by Joseph C. Cohen against the Sun Insurance Company. H. Fluegelman, for appellant. R. Reubenstein, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

In re COMESKY. (Supreme Court, Appellate Division, Second Department. May 4, 1906.) In the matter of the petition of Frank Comesky for a writ of mandamus against Augustus A. Blacklege, supervisor, etc. No opinion. Motion to dismiss appeal granted, with costs, unless the appellant perfect his appeal and notice the case for argument in time for the next term. On compliance with these conditions, motion denied, without costs.

CONDON v. CHURCH OF ST. AUGUSTINE. (Supreme Court, Appellate Division, First Department. May 18, 1906.) Action by Patrick J. Condon against the Church of St. Augustine. No opinion. Motion denied. Order filed.

CORCORAN, Appellant, v. CITY OF NEW YORK, Respondent. (Supreme Court, Appellate Division, First Department. July 12, 1906.) Appeal from Trial Term, New York County. Action by Emma Corcoran, as administratrix of the estate of Margaret Corcoran, against the city of New York. From a judgment dismissing the complaint at the close of plaintiff's case, she appeals. Affirmed. Dudley R. Horton, for appellant. Theodore Connoly, for respondent.

PER CURIAM. Affirmed with costs.

O'BRIEN, P. J. (dissenting). This action is brought for damages sustained by plaintiff by reason of the death of her intestate, alleged to have been caused by the negligence of the defendant in not erecting a sufficient barrier across the foot of Jerome Avenue at the place

where the old Maccombs Dam bridge formerly was, and in not having that place sufficiently well lighted to give the plaintiff notice of the dangerous character of the place. The foot of Jerome avenue is a cul-de-sac by reason of the removal of the old bridge; it being necessary for one coming down Jerome avenue to take a sharp turn to the left at Ogden avenue in order to reach the new Maccombs Dam bridge. At the time of the accident that part of Jerome avenue below Ogden avenue was paved and guttered, there were trolley tracks clear to the end of the avenue, and there were sidewalks. From Odgen avenue to the embankment at the end of Jerome avenue is a little over 300 feet, and there is, or rather was at the time of the accident, an electric light at about half way. There seems to be, since the removal of the old bridge, no use for this cul-de-sac, except that it is used as a terminal for a trolley line. There was at the end of Jerome avenue, within a few feet of the embankment, an unpainted and weather-beaten picket fence, and a few feet in front of this fence was a low guard rail. The new bridge is almost directly in front of one coming down Jerome avenue, and is lighted at night. The plaintiff, with several others, came down Jerome avenue in an automobile. They failed to take the turn at Ogden avenue, and the machine crashed through the picket fence, went over the embankment, and plaintiff's intestate was thrown upon the New York Central Railroad tracks and killed by a passing train. The complaint was dismissed below by Justice Truax upon the ground that there was no evidence to show that the defendant had been negligent. I think the dismissal of the complaint was error. The position of the electric light, together with the paved and guttered condition of the street, would tend to lull the occupants of the automobile into a feeling of security and mislead them into thinking that the street was then, as formerly, a street approach to the bridge. Paving and electric lights are the ordinary accompaniments of an open and used street. The new bridge was directly in front of the occupants of the automobile, and was lighted. All around the point of danger the land was vacant, and would disclose no reason. for a blind street. I think there was a question for the jury as to the negligence of the defendant in leaving the street in this condition without lighting the obstruction at the end or drawing attention in some way to the fact that the use of this street as an approach to a bridge had been discontinued. There was some evidence tending to show that the occupants of the automobile were guilty of contributory negligence; but this, also, I think was a question for the jury, because it cannot be concluded as matter of law that deceased was guilty of contributory negligence, especially as the deceased was not driving the automobile and no relationship of master and servant existed between the deceased and the driver. I dissent, therefore, from the conclusion reached by the majority of the court, thinking, as I do, that the judgment should be reversed, and a new trial ordered.

LAUGHLIN, J., concurs.

99 N.Y.S.—72

---

COX et al., Appellants, v. HAWKE, Respondent. (Supreme Court, Appellate Term. June 1, 1906.) Appeal from City Court of New York, Trial Term. Action by Arthur S. Cox and another against Madison G. Hawke. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered. See 96 N. Y. Supp. 433. Wentworth, Lowenstein & Stern, for appellants. G. M. Heumann, for respondent.

PER CURIAM. This is an action for brokers' commissions. The case has been tried three times. The complaint was dismissed on each occasion. On this trial the plaintiff presented a case which clearly entitled him to go to the jury. The facts elicited differ in no wise from those brought out on the former trials. The judgment should be reversed, and a new trial ordered, with costs to appellants to abide the event.

---

CULLINAN, Com'r, Appellant, v. DALY et al., Respondents. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Action by Patrick W. Cullinan, as commissioner, against Peter J. Daly and another. H. H. Kellogg, for appellant. S. J. O'Hare, for respondents. No opinion. Judgment and order affirmed, with costs. Order filed.

---

CULLINAN, Com'r, Appellant, v. DWIGHT et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. May 9, 1906.) Action by Patrick W. Cullinan, as commissioner, against Henry D. Dwight and others.

PER CURIAM. Order reversed, without costs of this appeal to either party, and motion granted, without costs.

WILLIAMS, J., not voting.

---

CURRY, Appellant, v. PRUDENTIAL INS. CO. OF AMERICA., Respondent. (Supreme Court, Appellate Division, First Department. April 20, 1906.) Action by Charles C. Curry against the Prudential Insurance Company of America. R. T. Greene, for appellant. W. O. Campbell, for respondent.

PER CURIAM. Judgment affirmed, with costs. Order filed.

CLARKE, J., dissents.

---

DAVIS, Respondent, v. BROADALBIN KNITTING CO., Appellant. (Supreme Court, Appellate Division, Third Department. March 22, 1906.) On motion to amend judgment. Granted. For former opinion see 86 N. Y. Supp. 127.

HOUGHTON, J. Decision amended, so as to read as follows: "Judgment and order affirmed upon the facts, and reversed upon the law, and new trial granted, with costs to appellant to abide event."

---

DEMPSEY, Appellant, v. BROOKLYN HEIGHTS R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. May 9, 1906.) Action by Joseph Dempsey, as administrator, etc., of Joseph Dempsey, Jr., deceased, against the Brooklyn Heights Railroad